## BOYE NEEDLE CO. *v.* UNITED STATES (No. 1234)[1]

COILED SPRING WIRE ARTICLES.

The coiling process to which this wire has been subjected has given the wire a new character, name, and use. It is not according to the accepted definition of "wire," "a slender rod, strand, or thread of ductile metal," but is essentially different from this. It has a use as a spring, resulting from the changed form into which the original wire has been permanently converted. It was dutiable as an article manufactured of wire.

### United States Court of Customs Appeals, December 15, 1913.

APPEAL from Board of United States General Appraisers, Abstract 32898 (T. D. 33591).

[Affirmed.]

*Comstock & Washburn* (*George J. Puckhafer*, of counsel) for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Martin T. Baldwin*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DEVRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise consists of coiled round steel wire smaller than No. 16 wire gauge. The importation was assessed with duty under the classification of "articles manufactured * * * of wire," within the provisions of paragraph 135 of the tariff act of 1909.

The importers protested, claiming the merchandise to be simply wire and not articles manufactured of wire.

The protest was submitted upon evidence to the Board of General Appraisers and was overruled, from which decision the importers now appeal.

A sample of the merchandise is before the court and the testimony explains its origin and uses. The article is made by running lengths of straight wire into a coiling machine. This machine is composed in part of a long cylinder with attachments, by means of which the wire is closely and permanently coiled into flexible and springlike tubes of wire. These are imported in lengths of 50 to 150 feet, which are afterwards cut into lengths of 28, 42, and 52 inches. These pieces are plated with copper and nickel and brightened by friction in a so-called tumbling machine; their ends are then trimmed and fitted with attachments whereby they are finished for use as sash curtain rods.

The importation in question consists of the continuous lengths of coiled wire first mentioned before these are cut into standard lengths for finishing as curtain rods.

The question therefore is whether for duty purposes the coiling of the wire, as above explained, converts it into "an article made of wire," or whether it remains nevertheless simply "wire." This question is answered by the fact that the straight lengths of metal rod which are fed into the coiling machine are themselves wire

---

[1] Reported in T. D. 34009 (25 Treas. Dec., 699).

within the tariff usage of that term; and if imported these lengths would be dutiable as "wire smaller than number 16 wire gauge" within the provisions of paragraph 135 of the act. The coiling process, however, gives to this wire a new and peculiar character, name, and use. The new article is not "a slender rod, strand, or thread of ductile metal," which is the accepted definition of the word "wire," but is an article permanently and essentially differing therefrom in form. Nor does the new article bear the name of "wire"; it is called coiled wire spring, or coiled wire with a hyphenated signification. The present importation is invoiced 〈s "round coiled spring." The new article has a use as a spring which differs from that of simple wire, and results from the changed form into which the original wire has been permanently c〈nverted.

It thus appears that the present article is not simply improved wire, but rather is a new product into which wire enters as a material and emerges as a manufacture.

The decision of the board is therefore *affirmed*.