BRUNSWICK-BALKE-COLLENDER CO. *v.* UNITED STATES (No. 1630).[1]

1. CONSTRUCTION—PARAGRAPH 360, TARIFF ACT OF 1913.

Paragraph 360, tariff act of 1913, should not, on account of the fact that it levies a higher rate of duty on the articles it names if "permanently fitted" with certain other articles, be construed to mean that an article, to be dutiable under it, must be susceptible of being so fitted.

2. MANUFACTURE OF LEATHER, WHAT IS.

Leather cue tips are a manufacture of leather, citing Tilge & Co. *v.* United States (3 Ct. Cust. Appls., 97; T. D. 32360) and Devoy *v.* United States (3 Ct. Cust. Appls., 444; T. D. 33034).

United States Court of Customs Appeals, May 12, 1916.

APPLICATION for rehearing, decision rendered March 9, 1916 (7 Ct. Cust. Appls., 1; T. D. 36253).

[Denied.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case was decided March 9, 1916, and is reported in T. D. 36253. For the statement of facts, reference is made to the original opinion as reported.

A motion for rehearing has been entered, based upon two grounds, and inasmuch as one of these grounds was not discussed at length in the opinion, although a denial of the present contention was involved in our holding that the paragraph of the act of 1909, corresponding to paragraph 360 of the present act, had received an interpretation which is inconsistent with the contention here made, we think, in view of the insistence upon the argument put forth, some reply should be made thereto.

The main opinion discusses paragraph 360 of the act of 1913, which reads as follows:

Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather or parchment not jewelry, and manufactures of leather or parchment, or of which leather or parchment is the component material of chief value, not specially provided for in this section, 30 per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling bottle, drinking, dining, luncheon, and similar sets, 35 per centum ad valorem.

---

[1] Reported in T. D. 36422 (30 Treas. Dec., 844).

The contention made is that, in view of the second provision of paragraph 360, which reads, "any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining, luncheon, and similar sets, 35 per cent ad valorem," the "foregoing articles" must have been susceptible of being fitted or furnished with the sets mentioned, and that any article not susceptible of being fitted or furnished would not be included within the paragraph, and it is stated—

All the named classes of goods—eight in number—are made both with and without fittings. The whole subject matter of the paragraph is manufactures susceptible of being fitted; * * *.

The case of Dingelstedt *et al. v.* United States (91 Fed., 112) is relied upon in support of the contention.

It is obvious that as a requisite basis upon which to rest its contention the statement in the brief that "all the named classes of goods—eight in number—are made both with and without fittings" should be found to be correct in fact. We think it is equally obvious from a reading of the statute that counsel for the importers is under a misapprehension. The named articles are "bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather or parchment." It is difficult to conceive of a belt being fitted and furnished with a traveling set, a bottle set, a dining set, a luncheon set, or any other similar set. It is equally difficult to understand how card cases or pocketbooks or jewel boxes can be so fitted and furnished. The mere statement of the proposition is a sufficient answer to the contention. Therefore the case of Dingelstedt *v.* United States was deemed to have no application and the words "manufactures of leather or parchment, or of which leather or parchment is the component material of chief value," were given their ordinary signification, just as the words "manufactures of leather" had been given such construction in the cases cited in the main opinion. Tilge & Co. *v.* United States (3 Ct. Cust. Appls., 97; T. D. 32360) and Devoy *v.* United States (3 Ct. Cust. Appls., 444; T. D. 33034).

The second point made in the application for rehearing is that the cases of Tilge *v.* United States and Devoy *v.* United States are not authority for the conclusion reached, for the reason that the merchandise here involved is not similar in its adaptability as a finished article as compared with the hat sweats passed upon in the first of the two cases or to the book backs considered in the second case. It is said:

In the case of hat sweats, the ends of the strip of leather are merely sewed together to be inserted into the hat, while the book back is in effect a bag or case in which to carry a book. In neither case is there any cutting and fitting of the article after it is imported. It goes into use as the identical article which was imported.

This is not, as we think, a correct analysis of the cases referred to in our main opinion. In the case of Tilge v. United States it was stated in the quotation embodied in our main opinion:

> Considered as "hat sweats" they are finished articles and, *barring the cutting to size,* they are ready without further manipulation to be put immediately to the use for which they were made.

The Devoy case was rested upon the fact that the book backs in question, some of which were lettered and some were not, "were of such shape and finish and were so processed as to plainly indicate that they were designed for use as book backs and that they were commercially fit for no other purpose." What was true of the book backs in that case is true of the cue tips in the present case.

We cite the following cases as presenting some analogous questions: Fenton v. United States (1 Ct. Cust. Appls., 529; T. D. 31546); Boye Needle Co. v. United States (5 Ct. Cust. Appls., 43; T. D. 34009).

The application for rehearing is *denied.*